

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable D. C. Greer
State Highway Engineer
Texas Highway Department
Austin, Texas

Dear Sir:

Opinion No. O-2532
Re: Application of Article 1580,
Texas Penal Code, to highway
construction work.

We acknowledge receipt of your letter of July 10,
1940, in which you request the opinion of this department
upon the following fact situation:

"The Highway Department has contracted for
the construction of a number of highways in Tex-
as, and is paying the entire cost of such con-
struction from State funds; that is, the Federal
Government is not participating in the cost of
the work.

"It has always been our understanding that
the 8-hour limitation in Article 1580, Texas Penal
Code, did not apply upon projects financed in
whole or in part from Federal funds if the rules
or regulations of the interested Federal Agency
required or permitted longer hours, however, upon
projects financed wholly from State funds we have
conscientiously observed all of the provisions in
the act. Since the passage of the Fair Labor
Standards Act of 1938 (U.S.C.A. Title 29, Secs.
201 to 219), we have not attempted to decide which
law governed but have included in all contracts a
notice to contractors that all applicable laws per-
taining to labor are a part of such contract. It

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION

now seems to be necessary to determine which
of the acts, the State or the Federal, governs
the working hours of labor on jobs in which the
Federal Government does not participate, and we
would appreciate receiving your advice in this
matter."

That portion of Article 1580 of the Texas Penal
Code which is applicable to the situation at hand reads as
follows:

"All contracts made by or on behalf of
the State of Texas, or by or on behalf of any
county, municipality or other legal or politi-
cal subdivision of the State, with any corpor-
ation, person or association of persons for
performance of any work, shall be deemed and
considered as made upon the basis of eight (8)
hours constituting a day's work. The time con-
sumed by the laborer in going to and returning
from the place of work shall not be considered
as part of the hours of work. It shall be un-
lawful for any corporation, person or association
of persons having a contract with the State or
any political subdivision thereof, to require
or permit any such laborers, workmen, or mechan-
ics to work more than eight (8) hours per calen-
dar day in doing such work, except in cases of
emergency, which may arise in times of war, or
in cases where it may become necessary to work
more than eight (8) hours per calendar day for
the protection of property, human life or the
necessity of housing inmates of public institu-
tions in case of fire or destruction by the ele-
ments or in cases where the total number of hours
per week required or permitted of any such la-
borer, workman or mechanic, engaged on work
financed in whole or in part by the Federal Gov-
ernment or any agency thereof, does not exceed
the number of hours per week allowed by any reg-
ulation of the Federal Government or any agency
thereof. In such emergencies the laborers, work-
men, or mechanics so employed and working to ex-
ceed eight (8) hours per calendar day shall be
paid on the basis of eight (8) hours constituting
a day's work. . ."

The following definition is from Section 203, Ch. 8, Title 29, U. S. C. A.:

"(d) 'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee but shall not include the United States or any state or political subdivision of a state, or any labor organization (other than when acting as an employer), or anyone acting in the capacity of officer or agent of such labor organization."

You will note that the Texas statute is directly in point. Moreover, the Federal Act specifically excepts a state or a political subdivision of a state from the requirements of the Fair Labor Standards Act. It is the opinion of this department that the provisions of Article 1580, Texas Penal Code must be observed and enforced, and that it is not within the power or province of the Highway Department to waive such provisions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

BY

Ross Carlton
Assistant

RC:ew

APPROVED JUL 23, 1940

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN